CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 02, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEPHEN JAMES KILPATRICK,           )<br>    Petitioner,                                              )<br>                                                             )<br>v.                                                           )<br>                                                             )<br>CHADWICK S. DOTSON,                    )<br>    Respondent.                                         ) | Civil Action No. 7:24-cv-00757<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION**

Stephen James Kilpatrick, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that he later supplemented. (Habeas Pet., Dkt. No. 1; Supp. Habeas Pet., Dkt. No. 5.) Kilpatrick challenges a conviction in the Circuit Court for Bedford County on three counts of computer solicitation of a minor. Respondent moves to dismiss, arguing that the petition is untimely filed. (Dkt. Nos. 7, 16.) Kilpatrick responded and moves for an evidentiary hearing. (Dkt. No. 15.) For the reasons stated below, respondent's motion to dismiss will be granted and this matter will be dismissed without an evidentiary hearing.

I.  BACKGROUND

**A.  State Court Proceedings**

Kilpatrick was convicted by a jury and sentenced to a prison term of 35 years. (Case Nos. CR19-24-00, CR29-24-06 and 07 (Bedford Cnty. Cir. Ct.).) The Court of Appeals of Virginia reversed Kilpatrick's convictions on appeal. *Kilpatrick v. Commonwealth*, 857 S.E.2d 163 (Va. Ct. App. 2021). The Commonwealth appealed to the Supreme Court of Virginia, and the Supreme Court reversed the Court of Appeals and affirmed Kilpatrick's convictions on

August 4, 2022. *Commonwealth v. Kilpatrick*, 876 S.E.2d 177 (Va. 2022). The Supreme Court denied a petition for rehearing on November 21, 2022. Record No. 210530.

Kilpatrick filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. In an order dated June 26, 2024, the court found that the petition had been filed on January 8, 2024, and was untimely filed. The court noted that it had received an initial pleading on November 20, 2023, but the pleading did not include a filing fee. (Dkt. No. 18-8.)[1] Thus, the court found that the petition "was not filed within one year from the November 21, 2022 final disposition of petitioner's direct appeal." (*Id.*) A petition for rehearing was denied on September 23, 2024. Record No. 230849. The federal § 2254 petition in this case was signed and dated October 23, 2024, and filed in this court on October 31, 2024.

**B. Kilpatrick's Habeas Petition and Respondent's Motion to Dismiss**

In his petition and supplemental petition, Kilpatrick raises claims for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments. He also includes claims for ineffective assistance of counsel and includes extensive argument about the timeliness of his petition, which arguments the court considers and discusses below. (Dkt. No. 5 at 16–22.)

Respondent argues that Kilpatrick's petition is untimely, that his claims were not exhausted in state court and are procedurally defaulted, and that they are without merit.

Kilpatrick, in his response and motion for an evidentiary hearing, clarifies that he has brought five categories of claims, and a total of 30 individual claims. (Dkt. No. 15-1 at 2–3.) He insists that an evidentiary hearing is necessary because "Respondent offers a confusing Brief in

---

[1] In a letter dated November 21, 2023, a clerk for the Supreme Court of Virginia explained to Kilpatrick that the petition exceeded the 50-page limit and that while the petition was accompanied by a $10.00 money order, the filing fee is $50.00. (Dkt. No. 5 at 34.) The money order was returned to Kilpatrick, and he was instructed to pay the full $50.00 or return an in forma pauperis affidavit. Kilpatrick was also instructed to file a corrected petition that complies with the page limit or a motion to exceed the page limit. (*Id.*)

Support of Motion to Dismiss, since he doesn't seem to have ever seen the 41-page Argument" included with Kilpatrick's supplemental petition.  (*Id.* at 7.)  Kilpatrick's petition also notes the "obvious existence of the 1/23/24 Petition to the Virginia Supreme Court is extremely puzzling given that neither Respondent or that court seem to acknowledge it."  (*Id.*)[2]

Because the court finds that the petition is time-barred, it addresses only the issue of timeliness and the request for an evidentiary hearing.

## II.  ANALYSIS

**A.  Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  The petition must be filed within one year of the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  § 2244(d)(1)(A).[3]  The limitations period may be tolled during the pendency of a properly filed application for state post-conviction relief.  § 2244(d)(2).

In this case, the limitations period began to run on February 19, 2023, which is 90 days after the Supreme Court of Virginia denied Kilpatrick's petition for rehearing after affirming Kilpatrick's convictions on direct appeal.  *See* Rules of the Supreme Court of the United States, Rule 13(a) (time to file petition for writ of certiorari expires 90 days after entry of final judgment by highest state court); *Pifer v. West Virginia*, Civil Action No. 2:16-04905, 2018 WL 1702683, at *4 (S.D.W. Va. Mar. 7, 2018) ("If the Petitioner does not petition for a Writ of Certiorari in

---

[2] Kilpatrick references a petition dated January 23, 2024, but it appears that this is the same action that was deemed by the Supreme Court of Virginia to have been filed on January 8, 2024, when the filing fee was paid.  (*See* Dkt. Nos. 18-7, 18-8 (both referencing Record No. 230849).)

[3] Other possible dates for the statute of limitations to begin running are not relevant and have not been argued by petitioner.  *See* 28 U.S.C. § 2244(d)(1).

the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires).") (citing *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000)). Kilpatrick's petition is untimely because he filed it in October 2024, more than a year after the limitations period began running in February of 2023.

Kilpatrick argues that pendency of his state habeas action tolls the limitations period pursuant to § 2244(d)(2). Kilpatrick's state habeas petition does not toll the limitations period because the state court found that it was untimely; thus, it was not "properly filed" pursuant to § 2244(d)(2). *See Baptist v. Dotson*, Case No. 2:24-cv-12, 2025 WL 692356, at *2 (E.D. Va. Mar. 4, 2025) (the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts, and an untimely petition in state court cannot be used for statutory tolling) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)).

Kilpatrick also argues that he should be entitled to equitable tolling of the limitations period. (Supp. Habeas Pet. 19–21.) A party seeking to invoke equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Further, a habeas petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Fourth Circuit has cautioned that the application of equitable tolling should be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the

4

limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Kilpatrick explains that he had two major surgeries on April 18 and May 19, 2023, which resulted in 58 consecutive days in a hospital. During this time, petitioner was not able to access his legal materials. Then, he was unexpectedly transferred to Pocahontas State Correctional Center on October 11, 2023, resulting in another 17 days without legal materials. Kilpatrick also notes that the institutional attorney was only available for sporadic phone calls. Kilpatrick was informed that the filing fee for his state habeas action was $10.00 when it was $50.00, and he was not properly cautioned about the page or word limit. Kilpatrick asserts that he acted with reasonable diligence, but his contentions about lacking access to legal materials for approximately two and a half months does not account for the remaining part of the year when he could have filed this action in federal court. Furthermore, Kilpatrick's missteps in filing his state habeas action are not relevant to whether the federal limitations period should be tolled. "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). The court finds that Kilpatrick was not acting diligently and that no extraordinary circumstance prevented him from timely filing this action.

Finally, Kilpatrick argues that the court should consider his petition because he brings actual innocence claims. In extraordinary cases, courts have recognized a "miscarriage of justice" exception to the statute of limitations when a litigant presents new evidence of actual innocence that when considered together with all the other evidence from trial, persuades the court that no reasonable factfinder would have convicted the defendant in the absence of constitutional error. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). A petitioner must show

5

that it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "Moreover, a petitioner must show factual innocence and not merely legal insufficiency." *Hutley v. Warden, Lieber Corr. Inst.*, C.A. No. 9:17-cv-2962-TMC, 2018 WL 3303283, at *3 (D.S.C. July 5, 2018). While petitioner references the concept of actual innocence, he has not provided or cited any new evidence of actual, factual innocence for the court to consider in the context of his claims, such that the court would look past the untimeliness of his petition. (*See* Argument, Dkt. No. 5-5.)

Accordingly, the court will grant respondent's motion to dismiss on the grounds that Kilpatrick's habeas petition is untimely filed.

**B. Evidentiary Hearing**

In determining whether a case warrants an evidentiary hearing, a federal court must consider whether the evidentiary hearing would provide the petitioner the opportunity to "prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also* Rule 8, Rules Governing Section 2254 Cases. "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* Because Kilpatrick's § 2254 petition is barred by the statute of limitations, he fails to establish that an evidentiary hearing is appropriate. The court will therefore deny Kilpatrick's motion for an evidentiary hearing.

**C. Certificate of Appealability**

The court must also consider whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Section 2254 Cases. Petitioner has failed to make a substantial showing of the deprivation of a constitutional right, 28 U.S.C. § 2253(c)(2),

or that the court's procedural ruling is debatable among reasonable jurists, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the court declines to issue a certificate of appealability.

### III.  CONCLUSION

The court will issue an appropriate order granting respondent's motion to dismiss, dismissing this action as untimely, denying petitioner's motion for an evidentiary hearing, and declining to issue a certificate of appealability.

Entered: August 29, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge